UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADVANCED LIPODISSOLVE, CENTERS, LLC., <br>     Plaintiff, <br><br> v. <br><br> ANNICA KARKKAINEN, <br><br>     Defendant. | No. 4:06-CV-199 CAS |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to dismiss for insufficiency of process and insufficiency of service of process, or alternatively to quash service of process. Plaintiff has responded to the motion and the motion is fully briefed. The court will deny the motion for the reasons set forth below.

**I.  BACKGROUND**.

Plaintiff Advanced Lipo Dissolve Centers, LLC filed this action against defendant Annica Karkkainen alleging trademark infringement. Plaintiff filed an executed return of summons with this court, submitting in support, inter alia, the declaration of Nathan Allen, a server of process affiliated with Miles Investigations, Inc., of Long Beach, California. Lane attested, among other things, that substitute service was effected under California Civil Code of Procedure § 415.20 (A) at a UPS store in Huntington Beach, California, with the complaint and cross-complaint and all related documents provided to UPS store employee "Anna" on May 2, 2006.

Defendant's counsel then entered a special and limited appearance solely for the purpose of contesting sufficiency of process, sufficiency of service of process, and alternatively to quash service

1

on defendant. Defendant argues that as she resides abroad, service is governed by the provisions of the Hague Convention and Federal Rule of Civil Procedure 4(f)(1).

Plaintiff opposes the motion, arguing that at all times relevant to the filing and service of the complaint, the defendant was a resident of the state of California. Plaintiff argues that defendant has maintained a business and residence in California for a long time as reflected in her filings with the U.S. Patent and Trademark Office (PTO) and the Orange County Clerk-Recorder. Specifically, defendant filed an application to register the word "LIPODISSOLVE" with the PTO. In the application, defendant states: "the applicant, American Society of Aesthetic Lipodissolve ("ASAL"), a sole proprietorship organized under the laws of California, comprising of Annica Karkkainen, resident at Box 384, 18685-A Main Street, Huntington Beach, California, United States 92648." Then again, by letter to the Trademark Examining Attorney prosecuting her application sent on March 9, 2006, three weeks after plaintiff filed this suit, defendant clarified her address: "My actual address as in my trademark application is 18685-A Main Street #384, Huntington Beach, CA 92648." Plaintiff argues that if defendant resides in California for purposes of prosecuting her trademark application then she cannot then deny that residence and escape to Spain to avoid service of process in this case.

Plaintiff also notes that defendant signed and filed a "Fictitious Business Name Statement" for ASAL with the Orange County Clerk- Recorder, Santa Ana, California. The application, which requires a declaration that the information is true and correct, indicates her business address is 18685-A Main St., # 384, Huntington Beach, California 92648, and her resident/corporate address to be 1712 Lake Street, Huntington Beach, California 92648. Plaintiff argues that under California law doing business under another name does not create an entity distinct from the person operating the business, and that a sole proprietorship involves only one principal, which may be operating under

2

a fictitious name. The owner is personally liable for debts and obligations of the sole proprietorship, and for all legal purposes the individual and the entity are identical. Therefore, by stating ASAL is a resident at a California address, the defendant acknowledged that she is a resident there as well.

Defendant replied, reiterating that the Hague Convention applies. Defendant also complains that plaintiff did not state whether the person at the UPS store at which the documents were delivered as "apparently in charge thereof," nor did plaintiff indicate whether the UPS store employee was "informed" of the contents of the documents, which included the summons and complaint.

Plaintiff then filed a supplemental declaration of Nathan Allen in support of substitute service. Allen attests that he made numerous attempts to locate Karkkainen and was unable to personally deliver a copy of the summons and complaint to Karkkainen. He perfected substitute service on May 2, 2006, by identifying the UPS store on Main Street in Huntington Beach as the business address for Ms. Karkkainen and the address at which she receives mail. Allen spoke with UPS store employee, Anna Son, who appeared to be in charge of the location at the time. She appeared to be and advised him that she is over 18 years of age. Son also told Allan that she was authorized to receive documents for Karkkainen. Allan advised her that she was leaving a summons and complaint and related documents with her for Karkkainen and did leave a copy of the summons and complaint and related documents with her.

## II. DISCUSSION

As an initial matter, it was unnecessary for defendant's counsel to make a "special appearance" to raise his clients' jurisdictional and procedural objections. Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938. See Fed. R. Civ. P. 12; see also Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 165 (9th Cir.1975) ("Special appearances to challenge jurisdiction are

3

no longer required in federal courts."); Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir.1967) ("[S]ince the advent of Rule 12(b), Fed.R.Civ.P., the distinction between general and special appearances in federal practice has been abolished."); 5B Wright and Miller, Federal Practice and Procedure 3d, § 1344 ("[T]echnical distinctions between general and special appearances have been abolished and . . . no end is accomplished by retaining the terms in federal practice.").

Defendant moves to dismiss this action and quash the service pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Rule 12(b)(4) authorizes a motion to dismiss on the grounds of insufficiency of process. A Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Fed. R. Civ. P. 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. 5A C. Wright and A. Miller, Federal Practice and Procedure § 1353 (2d ed. 1990).

Rule 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, e.g., the absence of an agency relationship between the recipient of process and the defendant. Id. The burden of proof lies with the party raising a challenge to the sufficiency of service of process, here the defendant. 2 Moore's Federal Practice § 12.33[1] (3d. ed. 1997); Bally Export Corp. v. Ballicar, Ltd., 804 F.2d 398, 404 (7th Cir. 1986).

Federal Rule 4(e) provides that service may be effected in any judicial district of the United States, pursuant to the laws of the state in which service is effected. Pursuant to California Civil Code of Procedure § 415.20, service may be effected by serving a summons and complaint on a person in charge of the defendant's usual mailing address and by subsequently mailing the documents

to that address as well. Service is complete ten (10) days thereafter.[1] In this case, after diligent and unsuccessful efforts to serve defendant over a period of months, plaintiff retained PFI Serves, a process server, which despite numerous attempts, was unsuccessful in effecting service. Plaintiff then retained the services of an investigative firm, Miles Investigation, to effect service. Nathan Allen, the process server, stated in sworn affidavits that he tried numerous times to contact the defendant at personal and business addresses where defendant was known to have had contact over the years. When he learned that the plaintiff identified the Main Street address in Huntington Beach as a current, resident business address, and confirmed with the person in charge of the location that the defendant's mail was forwarded to her, he effected substitute service pursuant to the California Civil Code of Procedure.

---

[1] California Civil Code of Procedure § 415.20 states:

(a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Based on all of the above, the court is convinced that service was properly effected on defendant Karkkainen at her address in Huntington Beach, California. Accordingly, the Court will deny defendant's motion to dismiss or quash service. The court need not address Federal Rule 4 (f) or the Hague Convention as both are inapplicable in this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for improper service, or to quash service is **DENIED.** (Doc. 17)

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>6th </u>day of November, 2006.