# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED LIPO DISSOLVE CENTER, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:06-CV-199 CAS |
| ANNICA KARKKAINEN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on third-party defendants Richard C. Muckerman, M.D. and George Ahlering, M.D.'s (collectively the "third-party defendants") motion to dismiss the Third Party Complaint filed by defendant/third-party plaintiffs Annica Karkkainen and American Society of Aesthetic Lipodissolve, LLC (collectively the "third-party plaintiffs"). The third-party plaintiffs oppose the motion and it is now fully briefed. For the following reasons, the Court will grant the third-party defendants' motion to dismiss the Third Party Complaint.

**Background**.

This action was filed in February 2006 by plaintiff Advanced Lipo Dissolve Center, LLC ("ALDC") against defendant Annica Karkkainen, d/b/a The American Society of Aesthetic Lipodissolve and d/b/a The American Society of Neurosurgical Aesthetics. The Complaint seeks a declaratory judgment of invalidity and non-infringement of a purported trademark for the term "lipodissolve" (Count I), unfair competition in violation of the Lanham Act (Count II), tortious interference under Missouri common law (Count III), injurious falsehood under Missouri common law (Count IV), and injunctive relief (Count V).

The disputes in the complaint center on the parties' rights to the name and techniques known as "lipo dissolve," a process that involves the injection of chemicals into the human body to dissolve fat. More specifically, plaintiff ALDC alleges that Karkkainen falsely claims to own exclusive rights and a federal trademark in the term "lipodissolve" and has made "specious" threats of legal reprisal against Drs. Muckerman and Ahlering, which have tortiously interfered with ALDC's business relationship with these doctors.

In November 2006, Karkkainen and the American Society of Aesthetic Lipodissolve, LLC ("ASAL")[1] filed the third-party complaint against Muckerman and Ahlering, asserting three state law claims: breach of contract (Count I); breach of the duty of good faith and fair dealing (Count II); and tortious interference with business expectancy (Count III).

Count I alleges that Muckerman and Ahlering breached terms of a contract they signed at a training program put on by Karkkainen and ASAL in connection with attendance at that program, including that they: (1) "should avoid to [sic] misrepresent Lipodissolve by renaming Lipodissolve under a new name, by modifying injectable mixtures, by process licensed manufacturing of the injectables without ASAL's approval, by provide [sic] training on a modified Lipodissolve without proper consent, or in any other way or form alter or change the facts related to Lipodissolve, its use, and safety according to present established data"; (2) should "not alter the injectable mixtures or change the ingredients in the mixture 'to observe maximum patient safety'"; and (3) agreed "that the use of the term 'Lipodissolve' was restricted to ASAL members in their advertisements, promotions,

---

[1] Karkkainen incorporated ASAL in Florida as a limited liability company at some time after the original complaint was filed in this action.

patient information, printed materials, patient seminars or other marketing materials." See Third Party Complaint at 4, ¶¶ 17-19.

Count II of the third-party complaint, the breach of the duty of good faith and fair dealing claim, alleges the same breaches as Count I, but adds that the claimed breaches violate the third-party defendants' "duty to act in good faith and fair dealing." Id. at 9, ¶ 42. Count III, the tortious interference claim, alleges that the third-party defendants have tortiously interfered with Karkkainen and ASAL's business expectancies (1) by means of the same conduct which is alleged to constitute a breach of contract and of the duty of good faith and fair dealing, and (2) by providing training to ALDC, inducing medical professionals to seek training from ALDC rather than ASAL, and inducing patients to seek procedures from ALDC rather than from ASAL-trained physicians. Id. at 12-13, ¶¶ 56(a)-(l).

**Discussion**.

The third-party defendants move to dismiss the third-party complaint on the basis that it does not comply with Rule 14(a) of the Federal Rules of Civil Procedure. The third-party defendants state that Rule 14 governs third-party practice in federal court and specifies the circumstances under which a defendant may bring a third-party complaint against a third-party defendant. The third-party defendants assert that Rule 14 requires the third party's liability to be dependent on or derivative of the defendant/third-party plaintiff's liability on the claims originally filed by the plaintiff, and contend that Karkkainen and ASAL's claims are improper under Rule 14 because they are not dependent on or derivative of the claims in the original complaint.

Karkkainen and ASAL respond, addressing only Count III of the original complaint, the tortious interference claim. This claim alleges that Karkkainen and ASAL interfered with ALDC's business relationship with Drs. Muckerman and Ahlering by falsely claiming the term "Lipodissolve" as a federally protected trademark in correspondence, advertising, and agreements with medical professionals who have attended workshops or received training from Karkkainen and ASAL, and by sending a demand letter to Muckerman and Ahlering concerning the alleged trademark. See Complaint at ¶¶ 15, 26, 33-34, 56, 65-69.

Karkkainen and ASAL assert that under Rule 14, the third-party defendant need not be liable to the plaintiff, and they concede that Muckerman and Ahlering are not liable to plaintiff under the causes of action asserted in the third-party complaint. See Mem. Opp. at 5. They contend, however, that if Karkkainen is found to have tortiously interfered with plaintiff's agreement with Muckerman and Ahlering, then Muckerman and Ahlering may be liable in part to Karkkainen for "such damages by virtue of the provisions in the [contract] for which it is alleged by Third Party Plaintiff that they are in breach." Id. Karkkainen and ASAL contend that the third-party complaint is therefore derivative of Count III of the complaint, and state that if plaintiff is successful against Karkkainen, it will not preclude her claims against Muckerman and Ahlering. Id. at 6.

Rule 14(a) of the Federal Rules of Civil Procedure governs impleader, or third-party practice, and provides in pertinent part that

> a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Rule 14(a), Fed. R. Civ. P.

A leading federal practice treatise explains that Rule 14 "permits a defending party (usually a defendant) to bring a new party into a pending case, but only if that absentee is or may be liable to the defending party for all or part of the plaintiff's claim against it." 3 James Wm. Moore, et al., Moore's Federal Practice § 14.03[1] (3d ed. 2006) (internal brackets and quotation marks omitted). "The liability of the third-party defendant to the party that impleaded it must be for losses sustained by that party *as a result of plaintiff's claim*; unrelated liability to the defendant is not a basis for impleader." Id., § 14.04[2]. Rule 14 impleader cannot be used to assert third-party claims that arise out of the same general set of facts as the main claim, i.e., are transactionally related; rather, it can only be used for derivative liability situations:

> [T]he test for joinder of a third party under the impleader rule is not transactional. Thus, it differs from the standards for compulsory counterclaims and cross-claims, which are appropriate only if they arise from the same "transaction or occurrence" as the underlying suit. Impleader, in contrast, is narrower. It must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. Thus, it must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff. An impleader claim cannot be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action.

Id., § 14.04[3][a].

The principle that derivative liability is a necessary element of an impleader claim under Rule 14 is well established in federal cases. In Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003), the Eighth Circuit stated, "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." Mere transaction relatedness is not enough: "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." Id. See also Bank of India v. Trendi

5

Sportswear, Inc., 239 F.3d 428, 437-38 (2d Cir. 2000) (holding that impleader action must be dependent on or derivative of the main claim); Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir. 1983) (same); United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983) (same), cert. denied, 464 U.S. 1071 (1984); United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967) (same); Scott v. PPG Indus., Inc., 920 F.2d 927 (4th Cir. 1990) (unpublished Table decision) (same); United States v. Balliet, 133 F.Supp.2d 1120, 1130 (W.D. Ark. 2001) (same; citing Bank of India); Lincoln Gateway Realty Co. v. Carri-Craft, Inc., 53 F.R.D. 303, 306-07 (W.D. Mo. 1971) (same; citing Joe Grasso & Sons).

The cases cited by Karkkainen and ASAL also state the rule that for impleader to be available, the third-party defendant must be liable secondarily to the original defendant, and be liable to that defendant for at least part of the plaintiff's recovery against the original defendant. See International Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 686-87 (E.D.N.Y. 1994) (holding that impleader was proper, even though the original and third-party claims arose from distinct contracts, when resolution of the contractual responsibilities at issue in the third-party claim depended on the resolution of contractual responsibilities at issue in the main action and thus was "sufficiently derivative of or dependent upon the main claim."); WINBCO Tank Co., Inc. v. Palmer & Cay of Minn., L.L.C., 435 F.Supp.2d 945, 952-53 (S.D. Iowa 2006) (impleader was proper for third-party claim in insurance coverage dispute, where if the defendant was found liable to the original plaintiff, the third-party defendant would be, at least in part, derivative of the defendant's liability to the original plaintiff).

In order for Karkkainen and ASAL to implead Muckerman and Ahlering under Rule 14(a), the third-party complaint must assert liability against them that is dependent on or derivative of

6

plaintiff ALDC's claims against Karkkainen in the original complaint. The Court concludes that the third-party complaint does not meet this standard. Although the tortious interference claims in the original complaint and the third-party complaint may be transactionally related, the tortious interference claim in the third-party complaint is not dependent on or derivative of that in the original complaint.

Count III of the original complaint asserts that Karkkainen is liable to plaintiff ALDC for tortiously interfering with ALDC's contractual relationship with Drs. Muckerman and Ahlering, who are alleged to have agreed to

> actively support the organization and development of ALDC's business by initially sharing office space and facilities. They also committed to introducing ALDC to their patients; to providing information, seminars and marketing materials; to advising ALDC in the development and standardization of patient care protocols, drug compounding and patient care; and to providing medical and nursing care in support of ALDC's physician and patients as may be needed.

Complaint at 5, ¶ 15. The complaint further alleges that because Karkkainen sent a demand letter to Muckerman and Ahlering in November 2005 asserting her exclusive rights to the trademark "Lipodissolve" and demanding that they transfer the Internet domain Lipodissolve.com to ASAL, id. at 9-10, ¶ 26, Muckerman and Ahlering became concerned that ALDC's use of the term "lipo dissolve" would subject them to legal liability for trademark infringement and breach of contract. Id. at 11-12, ¶ 33. Plaintiff alleges that after Muckerman and Ahlering received the Karkkainen letter, the relationship between them and ALDC deteriorated, and they have refused to participate in various collaborative activities with ALDC, citing concerns about litigation. Id. at 12, ¶ 34.

In contrast, Count III of the third-party complaint alleges that the third-party defendants have tortiously interfered with Karkkainen and ASAL's business expectancies with other physicians,

medical professional and patients (1) by means of the same conduct which is alleged to constitute a breach of contract and of the duty of good faith and fair dealing (i.e., they breached the terms of a contract they signed at a training program put on by Karkkainen and ASAL in connection with their attendance at that program and are using the "Lipo Dissolve" term and procedures in which Karkkainen and ASAL claim exclusive rights), and (2) by providing training in the "Lipo Dissolve" procedures to ALDC, inducing medical professionals to seek training from ALDC rather than ASAL, and inducing patients to seek procedures from ALDC rather than from ASAL-trained physicians. Id. at 12-13, ¶¶ 56(a)-(l).

It is clear from the foregoing descriptions that the tortious interference claims alleged in the third-party complaint are not dependent on or derivative of the potential liability Karkkainen and ASAL may have to plaintiff ALDC on the tortious interference claim in the original complaint. The two tortious interference claims are not logically related, although the issue of Karkkainen and ASAL's claimed trademark rights is present in both. If Muckerman and Ahlering were found liable to Karkkainen and ASAL for tortious interference as claimed, that liability would not be conditioned on or derivative of Karkkainen and ASAL's potential liability to ALDC for interfering with ALDC's business relationship with Muckerman and Ahlering.

Therefore, while some factual commonality exists between the tortious interference claims in the original and third-party complaints, the third-party defendants' claimed liability to Karkkainen and ASAL is not dependent upon the outcome of the main claim. As a result, the third-party complaint should be dismissed. "Rule 14(a) does not allow the defendant to assert a separate and

8

independent claim even though the claim arises out of the same general set of facts as the main claim." Mattes, 323 F.3d at 698.[2]

**Request for Attorney's Fees**

The third-party defendants state in their motion to dismiss that prior to filing the motion, their counsel orally advised counsel for Karkkainen and ASAL that the third-party complaint was deficient for the reasons stated in the motion to dismiss, and requested that the third-party plaintiffs voluntarily dismiss the third-party complaint so that Muckerman and Ahlering would not have to incur the expense of preparing and filing the instant motion to dismiss. In the reply memorandum, they assert that Karkkainen and ASAL should be assessed attorneys' fees and costs because there was no reasonable basis for bringing the third-party complaint, and the lack of a basis for the third- party complaint was brought to the attention of counsel before the motion to dismiss was filed. Counsel for the third-party plaintiffs did not respond to this aspect of the motion to dismiss.

The Court interprets defendants' request for sanctions as being directed to the Court's inherent authority to impose sanctions.[3] "A district court has authority under its inherent power to assess attorney's fees against a party which has 'acted in bad faith, vexatiously, wantonly, or for

---

[2]The Court notes Karkkainen and ASAL's comment that "in the event that the Third Party Complaint is dismissed, Third Party Plaintiff will be forced to file another cause of action against Third Party Defendants and consolidate it with the instant action. It would be in the additional interest of judicial economy to deny Third Party Defendants' motion to dismiss." Mem. Opp. at 6. This kind of statement has no relevance to the Court's analysis of whether the third-party complaint was properly filed under Rule 14(a).

[3]The Court does not interpret defendants' request as a motion for sanctions under Rule 11, Fed. R. Civ. P., as the parties did not designate it as such, and the Rule requires a party to request sanctions in a separate motion after providing a twenty-one day "safe harbor" period. See Rule 11(c)(1)(A), Fed. R. Civ. P. The explicit procedural requirements of Rule 11 must be met in order for a court to consider an award of sanctions thereunder. See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029-30 (8th Cir. 2003).

9

oppressive reasons." Kelly v. Golden, 352 F.3d 344, 352 (8th Cir. 2003) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991), and citing Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990)). "This inherent power is similar to the court's other powers to impose sanctions, but it is both broader in that it may reach more litigation abuses and narrower in that it may only be for attorney's fees." Id. (citing Chambers, 501 U.S. at 46).

The Court finds that the third-party complaint was filed without a reasonable basis to believe that it asserted a proper third-party claim under Rule 14(a), because the third-party plaintiffs have not offered any case law or factual support for it, as discussed above. The third-party defendants called counsel's attention to the deficiencies in the third-party complaint before they filed the motion to dismiss, but counsel did not withdraw it. The Court finds that the third-party complaint was filed for oppressive reasons, as a means to delay and multiply the proceedings. As a result, the Court will order the third-party plaintiffs and their counsel to pay the attorneys' fees incurred by the third-party defendants in responding to the third-party complaint. "It is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel. See, e.g., Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir.1992) ('A litigant chooses counsel at his peril.')." Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596 (8th Cir. 2001). The third-party defendants will be ordered to file a statement of attorneys' fees incurred in responding to the third-party complaint.

**Conclusion**.

For the foregoing reasons, the Court concludes that third-party defendants Muckerman and Ahlering's motion to dismiss the third-party complaint of Karkkainen and ASAL should be granted. The third-party defendants shall file a statement of their attorneys' fees expended in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendants Muckerman and Ahlering's motion to dismiss the third-party complaint is **GRANTED**. [Doc. 38]

**IT IS FURTHER ORDERED** that third-party defendants shall file a statement of their attorneys' fees expended in this matter within fifteen (15) days of the date of this Memorandum and Order.

An appropriate order of partial dismissal will accompany this memorandum and order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   19th   day of March, 2007.